IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. HILL, | : C.A. No. |
| Plaintiff, | : |
| v. | : |
| JOHN MOORE, JR., MILLER AUTO LEASING CO., a New Jersey corporation, THOMAS COLACE COMPANY, a business located in New Jersey, THOMAS COLACE COMPANY, a business corporation of the State of Pennsylvania, and THE THOMAS COLACE COMPANY, LLC, a limited liability company of the State of Florida, | : |
| Defendants. | : **JURY TRIAL DEMANDED** |

C O M P L A I N T
---

COMES NOW Plaintiff William J. Hill (Plaintiff), by and through his attorneys, David A. Boswell, Esquire, and Schmittinger and Rodriguez, P.A., and hereby pleads and states:

**PARTIES**

1. Plaintiff William J. Hill is a resident of Delaware, residing at 33038 Bi State Boulevard, Laurel, Delaware 19956.

2. Defendant John Moore, Jr. is a resident of Pennsylvania, with a last known address of 7104 Eastwood Street, Philadelphia, Pennsylvania 19149.

3. Defendant Miller Auto Leasing Co. (Miller) is an entity with its principal place of business located in the State of New Jersey, identified in the State of Delaware Uniform Traffic

Collision Report No. 84-06-001063 as the owner of the vehicle that caused the collision in question in this lawsuit, with an address of 1592 Route 38, Lumberton, New Jersey 08048, believed to be a New Jersey domestic profit corporation, whose registered agent is Charles S. Miller, Box 617, 1824 Rt 38, Lumberton, NJ 08048. If any defendant denies the allegation of the incorporation and existence of this corporation, then such denial shall be by affidavit which fully complies with 10 Del. C. § 3915, and which shall state to the best of the affiant's knowledge whether there is any corporation existing which has a relationship to the subject matter of this action.

4. Defendant Thomas Colace Company, aka Thomas Colace Co. (NJ Colace), is an entity with its principal place of business located in the State of New Jersey, identified in the State of Delaware Uniform Traffic Collision Report No. 84-06-001063 as the carrier for the the vehicle that caused the collision in question in this lawsuit, with an address of 1592 Route 38, Lumberton, New Jersey 08048.

5. Defendant Thomas Colace Company (PA Colace) is a business corporation organized under the laws of the State of Pennsylvania, with a registered office located at Northeast Corner of Oregon Avenue and Swanson Streets, Philadelphia, Pennsylvania. The President of PA Colace is Thomas Colace, with a registered address of 19 E. Oregon Ave, Philadelphia, PA 19148. If any defendant denies the allegation of the incorporation and existence of this corporation, then such denial shall be by affidavit which fully

complies with 10 Del. C. § 3915, and which shall state to the best of the affiant's knowledge whether there is any corporation existing which has a relationship to the subject matter of this action.

6. Defendant The Thomas Colace Company, LLC (FL Colace) is a limited liability company organized under the laws of the State of Florida, with a principal adddress of 315 East New Market Road, Immokalee, Florida 34142, and with the registered agent: Guy E. Whitesman, 1715 Monroe Street, Fort Myers, FL 33901. This entity is also registered to do business in the State of Pennsylvania as a foreign corporation, with the registered agent: Corporation Service Company, 2704 Commerce Drive, Harrisburg, PA 17110. This entity's managers and members, identified as Better Fruits & Vegetables, LLC, Sheryl A. Weisinger, Max Press, Jaime Weisinger, Peter Dessak, and Toby K. Purse, are all residents of states other than Delaware, and are believed to be entities of or residents of Florida. If any defendant denies the allegation of the incorporation and existence of this entity, then such denial shall be by affidavit which fully complies with 10 Del. C. § 3915, and which shall state to the best of the affiant's knowledge whether there is any entity existing which has a relationship to the subject matter of this action.

### NATURE OF ACTION, JURISDICTION & VENUE

7. This is a personal injury action arising out of a motor vehicle collision which occurred on July 18, 2006, in the vicinity of Millsboro, Sussex County, State of Delaware. Plaintiff has

already incurred in excess of $60,370.81 in lost wages and medical bills (see Exhibit A), and the damages for which relief is sought herein exceed $75,000, exclusive of interest and costs.

8. Plaintiff is a resident of the State of Delaware. Defendant Moore is a resident of the State of Pennsylvania. The defendant corporations and defendant limited liability companies are all organized under the laws of states other than Delaware, with their principal places of business located in states other than Delaware, as alleged above herein: Pennsylvania, New Jersey, and Florida. In addition, the members of the defendant limited liability company are all non-residents of the State of Delaware.

9. By virtue of the complete diversity of citizenship between Plaintiff and each of the Defendants hereto, and the amount in controversy exceeding $75,000, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

10. The motor vehicle collision causing Plaintiff's injuries took place in Delaware, rendering venue appropriate under 28 U.S.C. § 1391(a)(2).

## FACTS

11. On July 18, 2006, at approximately 3:41 pm, Plaintiff William J. Hill was operating a 2002 Mack dump truck, owned by Melvin L. Joseph Construction Company, in a northerly direction in the right lane of US 113 in Millsboro, Sussex County, Delaware.

12. At the same time and place, Defendant John Moore, Jr., who was in the scope and course of his employment with one or more of the Defendants, was operating a 2007 Freightliner tractor

trailer truck, owned by one or more of the Defendants, in a northerly direction on US 113 behind the Plaintiff.

13. As Plaintiff Hill drove the dump truck in the right lane of US 113, decelerating in an orderly fashion while approaching a red light at the intersection of US 113 and State Route 24, Defendant Moore crashed into the rear of the Plaintiff's dump truck.

14. The severe impact of the collision pushed the Plaintiff's dump truck off of the highway, over a curb, into a parking lot, and into concrete pillars, and rendered it inoperable.

15. At all times pertinent to this matter, Defendants Miller Auto Leasing Company, NJ Colace, PA Colace, and FL Colace (hereinafter collectively referred to as "Corporate Defendants"), did, together, own, control, and maintain the 2007 Freightliner tractor trailer truck operated by Defendant Moore.

16. At all times pertinent to this matter, and at the time of the collision described above, Defendant John Moore, Jr. was acting as a servant, agent, or employee of the Corporate Defendants; and was operating the aforesaid 2007 Freightliner tractor trailer truck in and about the course of his duties as a servant, agent, or employee, of the Corporate Defendants. If these allegations are denied, Plaintiff demands that each Defendant's denial by supported by affidavit. Said affidavit must set forth the factual basis for the denial and otherwise comply with the requirements of 10 Del. C. § 3916.

COUNT ONE

17. This motor vehicle collision was directly and proximately caused by the negligence of Defendant John Moore, Jr., who was negligent and negligent *per se* in that:

(a) He failed to give full time and attention to the operation of the 2007 Freightliner tractor trailer truck in violation of 21 Del. C. § 4176(b);

(b) He operated the 2007 Freightliner tractor trailer truck in a careless or imprudent manner without due regard for road and traffic conditions then existing on US 113, in violation of 21 Del. C. § 4176(a);

(c) He operated the 2007 Freightliner tractor trailer truck at a speed greater than was reasonable and prudent under the conditions that existed at the time of the collision, and he failed to have due regard for the actual and potential hazards then existing in violation of 21 Del. C. § 4176(b);

(d) He failed to maintain a proper lookout while operating the 2007 Freightliner tractor trailer truck in violation of 21 Del. C. § 4176(b);

(e) He failed to exercise and maintain proper control of the 2007 Freightliner tractor trailer truck; and

(f) He was otherwise negligent in causing the 2007 Freightliner tractor trailer truck to crash into the Plaintiff's truck.

18. This motor vehicle collision was directly and proximately caused by the wilful or wanton conduct of Defendant John Moore,

Jr., who wilfully or wantonly drove the 2007 Freightliner tractor trailer into the vehicle operated by Plaintiff.

19. The Corporate Defendants are vicariously liable to Plaintiff for Defendant Moore's negligence, negligence per se, or wilful or wanton conduct that caused harm to Plaintiff pursuant to the doctrine of respondeat superior.

20. As owners of the 2007 Freightliner tractor trailer truck, the Corporate Defendants had a duty to exercise reasonable care to protect others from the injury which could be caused by this instrumentality's misuse, and to maintain this instrumentality for safe usage upon the roadways.

21. The Corporate Defendants breached their duty by failing to exercise reasonable care in permitting and providing this vehicle to be driven by Defendant Moore, and by failing to maintain the vehicle so that it could be driven safely on the roadway. More specifically, the Corporate Defendants negligently entrusted and permitted the usage of the subject 2007 Freightliner tractor trailer truck by a driver they knew, or should have known, would drive the truck in a manner inconsistent with the standards of care identified above herein.

**DAMAGES**

22. As a direct and proximate result of Defendants' negligence, Plaintiff William J. Hill suffered serious bodily injuries, sustained and experienced great pain, suffering, and discomfort of body and mind in the past, including an injury to the right shoulder which required surgery on December 14, 2007, and

will continue to sustain and experience great pain, suffering, and discomfort of body and mind in the future from these injuries.

23. As a further direct and proximate result of Defendants' negligence, Plaintiff William J. Hill incurred medical expenses in the past, and will incur additional medical expenses in the future for the care and treatment of the injuries he sustained in that collision.

24. As a further direct and proximate result of Defendants' negligence, Plaintiff William J. Hill has incurred lost wages in the past, and will incur lost wages in the future.

25. By virtue of Defendants' wilful or wanton conduct causing injury to Plaintiff, an award of exemplary or punitive damages is appropriate.

WHEREFORE, Plaintiff William J. Hill demands judgment against Defendants, jointly and severally, for his compensatory damages, generally, including pain and suffering, special damages including past and future medical bills and lost wages, exemplary damages, the costs of this action, attorneys' fees, pre- and post-judgment interest, and such other relief as is just and equitable.

Plaintiff further demands trial by jury of twelve.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
DAVID A. BOSWELL (3172)
Wachovia Bank Building
18489 Coastal Highway, 2nd Floor
Rehoboth Beach, DE 19971-6189
(302) 227-1400
Attorneys for Plaintiff

DATED: June 23, 2008

Attachment: Exhibit A: Statement of Lost Wages and Medical Bills

EXHIBIT A

**Medical Expenses:**

| DATE | MEDICAL PROVIDER | ACCT. AMT. | PIP | W/C |
|---|---|---|---|---|
| 07/18/06 | Millsboro Vol. Fire | 481.00 | 481.00 | |
| 07/18/06 | Nanticoke Memorial | 6,029.00 | 6,029.00 | |
| 07/21/06-10/03/06 | Laurel Medical Group | 420.00 | 420.00 | |
| 08/07/06-11/07/06 | Nanticoke Memorial | 4,168.00 | 4,168.00 | |
| 09/07/06 | Nanticoke Radiology | 901.00 | 901.00 | |
| 10/05/06 | Nanticoke Memorial | 1,901.00 | 1,901.00 | |
| 10/05/06 | Nanticoke Radiology | 289.00 | | |
| 10/23/06 | Dickinson Medical Group | 834.00 | 834.00 | |
| 10/30/06 | Nanticoke Memorial | 194.00 | 194.00 | |
| 11/06/06 | Dickinson Medical Group | 89.00 | 89.00 | |
| 01/11/07 | Wide Open MRI of Sal. | 1,035.00 | 1,035.00 | |
| 01/08/07 | Nanticoke Memorial | 140.00 | 140.00 | |
| 05/03/07 | Peninsula Orthopaedic | 177.00 | 177.00 | |
| 11/30/07 | Delmarva Heart | 249.00 | | 249.00 |
| 12/14/07 | Peninsula Orthopaedic | 23,440.00 | | 23,440.00 |
| 12/14/07 | Associates Anesthes. | 1,050.00 | | 1,050.00 |
| 12/14/07 | Peninsula Orthopaedic | 5,818.81 | | 5,818.81 |
| 12/21/07 | Peninsula Orthopaedic | 124.00 | | 124.00 |
| 12/21/07 | Peninsula Orthopaedic | 89.00 | | 89.00 |
| 01/18/08-04/17/08 | Southern DE Sports Care & Rehab. | 1,937.00 | | 1,937.00 |
| 03/14/08 | Peninsula Orthopaedic | 83.00 | | 83.00 |
| **TOTAL MEDICAL BILLS:** | | **$49,448.81** | **$16,369.00** | **$32,790.81** |

**Lost Wages:**

| | PIP | W/C |
|---|---|---|
| 07/24/06-11/06/06 | 1,902.00 | |
| 11/07/06-03/28/07 | 1,196.26 | |
| 02/15/08 | | 3,221.54 |
| 03/04/08 | | 920.44 |
| 03/11/08 | | 920.44 |
| 04/01/08 | | 920.44 |
| 04/14/08 | | 920.44 |
| 04/28/08 | | 920.44 |
| **TOTAL:** | **$3,098.26** | **$7,823.74** |

**TOTAL LOST WAGES:**     $10,922.00


**TOTAL MEDICAL BILLS & LOST WAGES: $60,370.81**

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILLIAM J. HILL

## DEFENDANTS
JOHN MOORE, JR., MILLER AUTO LEASING CO., THOMAS COLACE COMPANY, et al.

(b) County of Residence of First Listed Plaintiff: **Sussex County, DE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Philadelphia County, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David A. Boswell, Esq., Schmittinger & Rodriguez, P.A., 18489 Coastal Highway, Second Fl., Rehoboth Beach, DE 19971-6189

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332(a) (Diversity)
Brief description of cause:
Personal injuries sustained in motor vehicle collision

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unliquidated damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: June 23, 2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

__6/24/08__  X_____
(Date forms issued)   (Signature of Party or their Representative)

X_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action