IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. HILL, | : | C.A. No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN MOORE, JR., | : | |
| MILLER AUTO LEASING CO., a | : | |
| New Jersey corporation, | : | |
| THOMAS COLACE COMPANY, a | : | |
| business located in New Jersey, | : | |
| THOMAS COLACE COMPANY, | : | |
| a business corporation of | : | |
| the State of Pennsylvania, and | : | |
| THE THOMAS COLACE COMPANY, LLC, | : | |
| a limited liability company | : | |
| of the State of Florida, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

### C O M P L A I N T

COMES NOW Plaintiff William J. Hill (Plaintiff), by and through his attorneys, David A. Boswell, Esquire, and Schmittinger and Rodriguez, P.A., and hereby pleads and states:

**PARTIES**

1. Plaintiff William J. Hill is a resident of Delaware, residing at 33038 Bi State Boulevard, Laurel, Delaware 19956.

2. Defendant John Moore, Jr. is a resident of Pennsylvania, with a last known address of 7104 Eastwood Street, Philadelphia, Pennsylvania 19149.

3. Defendant Miller Auto Leasing Co. (Miller) is an entity with its principal place of business located in the State of New Jersey, identified in the State of Delaware Uniform Traffic

Collision Report No. 84-06-001063 as the owner of the vehicle that caused the collision in question in this lawsuit, with an address of 1592 Route 38, Lumberton, New Jersey 08048, believed to be a New Jersey domestic profit corporation, whose registered agent is Charles S. Miller, Box 617, 1824 Rt 38, Lumberton, NJ 08048. If any defendant denies the allegation of the incorporation and existence of this corporation, then such denial shall be by affidavit which fully complies with 10 Del. C. § 3915, and which shall state to the best of the affiant's knowledge whether there is any corporation existing which has a relationship to the subject matter of this action.

    4.    Defendant Thomas Colace Company, aka Thomas Colace Co. (NJ Colace), is an entity with its principal place of business located in the State of New Jersey, identified in the State of Delaware Uniform Traffic Collision Report No. 84-06-001063 as the carrier for the the vehicle that caused the collision in question in this lawsuit, with an address of 1592 Route 38, Lumberton, New Jersey 08048.

    5.    Defendant Thomas Colace Company (PA Colace) is a business corporation organized under the laws of the State of Pennsylvania, with a registered office located at Northeast Corner of Oregon Avenue and Swanson Streets, Philadelphia, Pennsylvania. The President of PA Colace is Thomas Colace, with a registered address of 19 E. Oregon Ave, Philadelphia, PA 19148. If any defendant denies the allegation of the incorporation and existence of this corporation, then such denial shall be by affidavit which fully

complies with 10 Del. C. § 3915, and which shall state to the best of the affiant's knowledge whether there is any corporation existing which has a relationship to the subject matter of this action.

6. Defendant The Thomas Colace Company, LLC (FL Colace) is a limited liability company organized under the laws of the State of Florida, with a principal adddress of 315 East New Market Road, Immokalee, Florida 34142, and with the registered agent: Guy E. Whitesman, 1715 Monroe Street, Fort Myers, FL 33901. This entity is also registered to do business in the State of Pennsylvania as a foreign corporation, with the registered agent: Corporation Service Company, 2704 Commerce Drive, Harrisburg, PA 17110. This entity's managers and members, identified as Better Fruits & Vegetables, LLC, Sheryl A. Weisinger, Max Press, Jaime Weisinger, Peter Dessak, and Toby K. Purse, are all residents of states other than Delaware, and are believed to be entities of or residents of Florida. If any defendant denies the allegation of the incorporation and existence of this entity, then such denial shall be by affidavit which fully complies with 10 Del. C. § 3915, and which shall state to the best of the affiant's knowledge whether there is any entity existing which has a relationship to the subject matter of this action.

### NATURE OF ACTION, JURISDICTION & VENUE

7. This is a personal injury action arising out of a motor vehicle collision which occurred on July 18, 2006, in the vicinity of Millsboro, Sussex County, State of Delaware. Plaintiff has

already incurred in excess of $60,370.81 in lost wages and medical bills (see Exhibit A), and the damages for which relief is sought herein exceed $75,000, exclusive of interest and costs.

8. Plaintiff is a resident of the State of Delaware. Defendant Moore is a resident of the State of Pennsylvania. The defendant corporations and defendant limited liability companies are all organized under the laws of states other than Delaware, with their principal places of business located in states other than Delaware, as alleged above herein: Pennsylvania, New Jersey, and Florida. In addition, the members of the defendant limited liability company are all non-residents of the State of Delaware.

9. By virtue of the complete diversity of citizenship between Plaintiff and each of the Defendants hereto, and the amount in controversy exceeding $75,000, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

10. The motor vehicle collision causing Plaintiff's injuries took place in Delaware, rendering venue appropriate under 28 U.S.C. § 1391(a)(2).

**FACTS**

11. On July 18, 2006, at approximately 3:41 pm, Plaintiff William J. Hill was operating a 2002 Mack dump truck, owned by Melvin L. Joseph Construction Company, in a northerly direction in the right lane of US 113 in Millsboro, Sussex County, Delaware.

12. At the same time and place, Defendant John Moore, Jr., who was in the scope and course of his employment with one or more of the Defendants, was operating a 2007 Freightliner tractor

trailer truck, owned by one or more of the Defendants, in a northerly direction on US 113 behind the Plaintiff.

13. As Plaintiff Hill drove the dump truck in the right lane of US 113, decelerating in an orderly fashion while approaching a red light at the intersection of US 113 and State Route 24, Defendant Moore crashed into the rear of the Plaintiff's dump truck.

14. The severe impact of the collision pushed the Plaintiff's dump truck off of the highway, over a curb, into a parking lot, and into concrete pillars, and rendered it inoperable.

15. At all times pertinent to this matter, Defendants Miller Auto Leasing Company, NJ Colace, PA Colace, and FL Colace (hereinafter collectively referred to as "Corporate Defendants"), did, together, own, control, and maintain the 2007 Freightliner tractor trailer truck operated by Defendant Moore.

16. At all times pertinent to this matter, and at the time of the collision described above, Defendant John Moore, Jr. was acting as a servant, agent, or employee of the Corporate Defendants; and was operating the aforesaid 2007 Freightliner tractor trailer truck in and about the course of his duties as a servant, agent, or employee, of the Corporate Defendants. If these allegations are denied, Plaintiff demands that each Defendant's denial by supported by affidavit. Said affidavit must set forth the factual basis for the denial and otherwise comply with the requirements of 10 <u>Del. C.</u> § 3916.

## COUNT ONE

17.   This motor vehicle collision was directly and proximately caused by the negligence of Defendant John Moore, Jr., who was negligent and negligent per se in that:

(a)   He failed to give full time and attention to the operation of the 2007 Freightliner tractor trailer truck in violation of 21 Del. C. § 4176(b);

(b)   He operated the 2007 Freightliner tractor trailer truck in a careless or imprudent manner without due regard for road and traffic conditions then existing on US 113, in violation of 21 Del. C. § 4176(a);

(c)   He operated the 2007 Freightliner tractor trailer truck at a speed greater than was reasonable and prudent under the conditions that existed at the time of the collision, and he failed to have due regard for the actual and potential hazards then existing in violation of 21 Del. C. § 4176(b);

(d)   He failed to maintain a proper lookout while operating the 2007 Freightliner tractor trailer truck in violation of 21 Del. C. § 4176(b);

(e)   He failed to exercise and maintain proper control of the 2007 Freightliner tractor trailer truck; and

(f)   He was otherwise negligent in causing the 2007 Freightliner tractor trailer truck to crash into the Plaintiff's truck.

18.   This motor vehicle collision was directly and proximately caused by the wilful or wanton conduct of Defendant John Moore,

Jr., who wilfully or wantonly drove the 2007 Freightliner tractor trailer into the vehicle operated by Plaintiff.

19. The Corporate Defendants are vicariously liable to Plaintiff for Defendant Moore's negligence, negligence _per se_, or wilful or wanton conduct that caused harm to Plaintiff pursuant to the doctrine of _respondeat superior_.

20. As owners of the 2007 Freightliner tractor trailer truck, the Corporate Defendants had a duty to exercise reasonable care to protect others from the injury which could be caused by this instrumentality's misuse, and to maintain this instrumentality for safe usage upon the roadways.

21. The Corporate Defendants breached their duty by failing to exercise reasonable care in permitting and providing this vehicle to be driven by Defendant Moore, and by failing to maintain the vehicle so that it could be driven safely on the roadway. More specifically, the Corporate Defendants negligently entrusted and permitted the usage of the subject 2007 Freightliner tractor trailer truck by a driver they knew, or should have known, would drive the truck in a manner inconsistent with the standards of care identified above herein.

**DAMAGES**

22. As a direct and proximate result of Defendants' negligence, Plaintiff William J. Hill suffered serious bodily injuries, sustained and experienced great pain, suffering, and discomfort of body and mind in the past, including an injury to the right shoulder which required surgery on December 14, 2007, and

will continue to sustain and experience great pain, suffering, and discomfort of body and mind in the future from these injuries.

23. As a further direct and proximate result of Defendants' negligence, Plaintiff William J. Hill incurred medical expenses in the past, and will incur additional medical expenses in the future for the care and treatment of the injuries he sustained in that collision.

24. As a further direct and proximate result of Defendants' negligence, Plaintiff William J. Hill has incurred lost wages in the past, and will incur lost wages in the future.

25. By virtue of Defendants' wilful or wanton conduct causing injury to Plaintiff, an award of exemplary or punitive damages is appropriate.

WHEREFORE, Plaintiff William J. Hill demands judgment against Defendants, jointly and severally, for his compensatory damages, generally, including pain and suffering, special damages including past and future medical bills and lost wages, exemplary damages, the costs of this action, attorneys' fees, pre- and post-judgment interest, and such other relief as is just and equitable.

Plaintiff further demands trial by jury of twelve.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
DAVID A. BOSWELL (3172)
Wachovia Bank Building
18489 Coastal Highway, 2nd Floor
Rehoboth Beach, DE 19971-6189
(302) 227-1400
Attorneys for Plaintiff

DATED: June 23, 2008

Attachment: Exhibit A: Statement of Lost Wages and Medical Bills